### BUTLER et al. v. MACHEN.

(Circuit Court of Appeals, First Circuit. January 17, 1895.)

#### No. 110.

TRIAL—INSTRUCTIONS—CONSTRUCTION OF CHARGE AS A WHOLE.

Although disconnected sentences of the charge, if taken alone, would seem to indicate that the jury might substitute their own opinion for the evidence produced at the trial, there is no error if these sentences, when read with the remainder of the charge, would bear no such meaning.

In Error to the Circuit Court of the United States for the District of Massachusetts.

This was a suit by Edward C. Machen against Paul Butler and Adelbert Ames, administrators c. t. a. of Benjamin F. Butler, deceased, for the sum of $17,875. Upon the trial of the case the court, upon the question of proof and preponderance of evidence, charged the jury as follows:

"There are certain rules touching what we call the 'burden of proof,' to which I desire to call your attention. In criminal cases, for a reason which I need not explain to you, the law holds the United States to strict rules as to the burden of proof. But in civil cases, where the issue must be determined one way or the other,—either one party or the other must prevail,—the law requires only what is called a 'preponderance of evidence.' That is to say, if, upon a certain proposition which the plaintiff is bound to prove, or upon a proposition which the defendant is bound to prove, after you weigh all the evidence in the case, you have an 'opinion in favor of the plaintiff upon the issues which he is bound to prove, or in favor of the defendant upon the issues which he is bound to prove, then you will act upon that opinion, no matter how slight it may be, and no matter how light may be the preponderance—how small may be the preponderance—of evidence in favor of it. Upon the issues which the plaintiff is bound to prove there must be, in order to enable you to find these issues in his favor, a preponderance of evidence in his favor, and so upon the issues which the defendant is bound to prove. I do not know that I can explain what is meant by preponderance of evidence, except that the result of it must be not merely guesswork on your part. It is not sufficient for you to shirk, under cover of the rule of mere preponderance of evidence, by simply guessing; but there must be sufficient evidence in the case—a sufficient preponderance of evidence—to enable you to form an opinion. No matter how doubtful or uncertain you may be as to the correctness of that opinion, if it is an opinion based upon the balancing of all the evidence, no matter how weak, or how doubtful you may be as to its correctness, you are entitled to follow that opinion."

The defendants sued out a writ of error, and assigned this charge as their second assignment of error.

George O. Shattuck and Frank L. Washburn, for plaintiffs in error.
Anson Maltby, for defendant in error.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. The first assignment of error having been waived, the only question to be decided is raised by the second assignment of error, which relates to the correctness of the charge to the jury of the court below. It is always likely to mislead, if a single expression in instructions to a jury is separated from its connection, and verbally criticised. In this case, strictly correct instruction as to the rule of preponderance of evidence was given, but the presiding judge went further, and attempted to make that rule more intelligible to the jury. In so doing he made use of expressions which, it is argued, in effect authorized the jurors to substitute their personal opinions in respect to the rights of the litigants for the evidence produced at the trial; and the definitions of "opinion" given by various lexicographers are pressed in argument to show the error of such instruction. We should have no doubt about our duty if we construed the charge to the jury in the same way as the plaintiffs in error. But that construction can only be sustained by disregarding a large and important part of the language of the court in immediate connection with which the expression "opinion" was used. In every sentence the jury was, in effect, and almost in terms, told that they were to be controlled by the preponderance of evidence. Read together, the only fair and reasonable interpretation is that, in reaching their final conclusion and verdict, they must be governed by

the preponderance of evidence, if they found in it any preponderance. There is no such uncertainty in the charge of the court as warrants the theory that the jury may have been misled as to the rules of law by which they should be controlled in pronouncing their verdict. Judgment affirmed.